COFFEY v. STATE. (No. 4699.)

(Court of Criminal Appeals of Texas. Nov. 28, 1917. On Motion for Rehearing Jan. 16, 1918.)

1. ASSAULT AND BATTERY ⊙⇒54—STATUTES— APPLICATION TO PRIOR OFFENSES.

As Acts 35th Leg. c. 207, § 35, relative to aggravated assault by gross negligence of operator of motor vehicle, did not become effective until July, prosecution begun in January preceding could not be thereunder.

On Motion for Rehearing.

2. ASSAULT AND BATTERY ⊙⇒49, 54 — ELEMENTS OF OFFENSE—INTENT.

Where a collision between defendant's automobile and that in which the injured party was riding was an accident brought about by defendant's negligence and without intent to commit an assault, there could be no conviction under statute defining assault and battery and aggravated assault.

Appeal from Criminal District Court, Dallas County; C. A. Pippen, Judge.

Ezra Coffey was convicted of an aggravated assault, and appeals. Reversed and remanded.

Wood & Wood and W. W. Hagebush, all of Dallas, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

MORROW, J. This conviction was for aggravated assault. Appellant was tried before the court without a jury. There are no bills of exception in the record.

There were two counts. The first attempted to charge an aggravated assault upon a female by an adult male. This count was defective in failing to allege the date of the offense within the period of limitation. The second count charged the offense to have been

committed by running an automobile into and against another automobile in which the injured party was seated, inflicting upon her serious bodily injury.

[1] It is suggested in the brief and record that this is an attempt to prosecute under section 35 of chapter 207 of the Acts of the Thirty-Fifth Legislature, p. 484, which declares an injury resulting from a collision between motor vehicles on the public highways of the state, brought about by gross negligence, shall be an aggravated assault. This position is, we think, not tenable, as the act in question was not approved until April 9, 1917, and did not become effective until July 1, 1917, while this prosecution was begun in January, 1917. It is under the general law by which assault becomes aggravated when serious bodily injury is inflicted upon the person assaulted. Article 1022, subd. 7, Branch's Ann. P. C. p. 931. It is in the class with Perkins v. State, 62 Tex. Cr. R. 508, 138 S. W. 133, wherein the offense was committed by running against the injured party with a buggy and horse, inflicting serious bodily injury. ·

Appellant sought a motion for new trial on the ground that there was no intent to inflict the injury proved. In this character of offense the absence of intent is, generally speaking, defensive (Vernon's P. C. art. 1009, p. 564); and, the evidence in this case disclosing that appellant inflicted upon the party named in the indictment a serious bodily injury, the intent will be presumed in the absence of evidence to the contrary, of which there is none introduced. Thompson v. State, 89 S. W. 1081.

The judgment of the lower court is affirmed.

### On Motion for Rehearing.

[2] Reconsidering this case, we are of opinion that we were wrong in affirming it. The evidence, we think, does show want of intent on the part of appellant to commit an assault. The collision between his automobile and that in which the injured party was riding appears to have been an accident brought about by the negligence of appellant, but without intent to do so, and we were mistaken in concluding that under the statute defining assault and battery and aggravated assault, in force at the time of the occurrence, the appellant was guilty of the offense charged. Perkins v. State, 62 Tex. Cr. R. 509, 138 S. W. 133; Ward v. State, 68 Tex. Cr. R. 154, 151 S. W. 1075.

Section 35 of Acts of 1917, c. 207, is as follows:

"If any driver or operator of a motor vehicle or motorcycle upon the public highways of this state shall willfully or with gross negligence, collide with, or cause injury to any other person upon such highway, he shall be held guilty of aggravated assault, and shall be punished accordingly, unless such injuries result in death, in which event said party so offending shall be dealt with under the general law of homicide."

This act became effective subsequent to the time that the injury upon which this prosecution is based occurred, and is indicative, we think, of the legislative view that the statutes on aggravated assault previously existing would not embrace an accidental occurrence such as that upon which this prosecution is founded.

For these reasons, the motion for rehearing is granted, the judgment affirming the case set aside, and the judgment of the lower court reversed, and the cause remanded.